```
                   UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


VETTER MOORE,                    : CIVIL NO: 1:05-CV-00167
          Plaintiff              :
                                 : (Judge Caldwell)
     v.                          :
                                 : (Magistrate Judge Smyser)
WARDEN SMITH,                    :
CHIEF PSYCHIATRIST,              :
USA,                             :
U.S. ATTORNEY SIMPSON and        :
U.S. ATTORNEY GENERAL,           :
          Defendants             :
```

**REPORT AND RECOMMENDATION**

On January 24, 2005, the plaintiff, a federal prisoner proceeding *pro se*, commenced this action by filing a petition.

The plaintiff names as defendants: 1) Warden Smith, the Warden of the United States Penitentiary at Lewisburg; 2) the Chief Psychiatrist at USP-Lewisburg; 3) the United States of America; 4) Assistant United States Attorney Simpson; and 5) the United States Attorney General.[1]

---

1. Like the rest of his petition, the caption of the plaintiff's petition is not clear. Construing the petition liberally, we conclude that the plaintiff named these individuals as defendants in this case.

The plaintiff alleges that he was assaulted on December 27, 2004 and again on December 31, 2004. He states that he will not suffer any more assaults and that he will fight to kill and to protect his life against cell mates paid by staff to assault him.

The plaintiff titled the document he filed on January 24, 2005 as follows: "Supplemental Petition for Injunctive Habeas Corpus - Injunction." He indicated that he is invoking the court's jurisdiction pursuant to 28 U.S.C. § 2241.

The plaintiff did not pay the filing fee to commence this action nor did he file an application to proceed *in forma pauperis.* By an Administrative Order dated February 1, 2005, the Clerk of Court, construing this case as a civil rights case within the court's federal question jurisdiction under 28 U.S.C. § 1331, directed the plaintiff to either pay the $150.00 filing fee or to file an application to proceed *in forma pauperis* and an authorization form to have funds deducted from his prison account to pay the filing fee.

On February 9, 2005, the plaintiff filed an application to proceed *in forma pauperis* but he did not file an authorization

2

form to have funds deducted from his prison account to pay the filing fee. On March 18, 2005, by a second administrative order the Clerk of Court again order the plaintiff to file the authorization form. On March 28, 2005, the plaintiff filed the authorization form. On March 29, 2005, the Clerk issued an administrative order directing the Warden to remit from the plaintiff's account the $150.00 filing fee, in monthly installments.

By an Order dated April 5, 2005, we indicated that a habeas corpus petition is not a proper vehicle for the plaintiff to present his claim that he was assaulted. We reasoned:

> In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), state prisoners who were deprived of good-conduct-time credits as a result of disciplinary proceedings brought suit under 42 U.S.C. § 1983 seeking injunctive relief to compel the restoration of their good-conduct-time credits. The question before the Supreme Court was whether a state prisoner may seek such relief through a § 1983 action even though the federal habeas corpus statute provides a specific federal remedy. *Id*. at 477. The Court stated that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Id.* at 484. The prisoners' claims fell squarely within this traditional scope of habeas corpus: "They alleged that the deprivation of their good-conduct-time credits was causing or would cause them to be in illegal confinement, i.e. that once their

3

conditional-release date had passed, any further detention of them in prison was unlawful; and they sought restoration of those good-time credits, which, by the time the District Court ruled on their petitions, meant their immediate release from physical custody." *Id.* at 487. The court was concerned that the prisoners would evade the habeas exhaustion of state court remedies requirement if they were allowed to bring their claims for restoration of good-conduct-time credit in a § 1983 action. The Court held that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*. at 500.

The Court in *Preiser* noted that habeas corpus may be available to challenge prison conditions. *Id.* at 499 (citing *Johnson v. Avery,* 393 U.S. 483 (1969) and *Wilwording v. Swenson* 404 U.S. 249 (1971)); *See also Bell v. Wolfish*, 441 U.S. 520, 527 n.6 (1979)("[w]e leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself."). However, the Court went on to state that it need not "explore the appropriate limits of habeas corpus as an alternative remedy to a proper action under § 1983" because that question was not before the Court. *Id*. at 500.

In this case, the plaintiff is not challenging his conviction or the very fact or duration of his physical imprisonment and he is not seeking a determination that he is entitled to immediate release or a speedier release from imprisonment. This case is not within the core or traditional scope of habeas corpus, which is a challenge to the very fact or duration of physical imprisonment and which involves relief in the form of the immediate release or a speedier release from that imprisonment. Rather, it can be said that this case is within the

4

>   core or traditional scope of a *Bivens*[2] action, which in the context of prisoner litigation involves a challenge to conditions and incidents of confinement, and which traditionally involves relief in the form of monetary damages or an injunctive order to prison officials to change conditions or both.
>
>   If the plaintiff were allowed to proceed with this case as a habeas case, one consequence would be that he would be able to evade the higher filing fee for a civil-rights action as compared to a habeas action.  He would evade the filing fee, *in forma pauperis* and other restrictions enacted by the Prison Litigation Reform Act of 1996 (PLRA).  He would avoid the "three strikes" provision of 28 U.S.C. § 1915(g).

Doc. 20 at 3-6.

Construing the petition as a *Bivens* complaint, in the Order of April 5, 2005, we reviewed the complaint pursuant to 28 U.S.C. § 1915A and determined that the complaint fails to state a claim upon which relief may be granted.  We stated that although the plaintiff alleges that he was assaulted and he intimates that the assaults were committed by inmates paid by prison staff, he does not allege how each of the named defendants actually participated in or had actual knowledge of and acquiesced in the assaults.  Accordingly, we concluded that the complaint fails to state a claim upon which relief may be granted against the named defendants.

---

2.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

5

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002). We granted the plaintiff leave to file an amended complaint to attempt, if appropriate, to state a claim against the named defendants.

On April 20, 2005, the plaintiff filed an amended complaint/petition.

As indicated in the Order or April 5, 2005, a habeas corpus petition is not a proper vehicle for the plaintiff to present his claim that he was assaulted.

The only allegation in the amended complaint regarding any named defendant is the allegation that prison staff, upon direction of Warden Smith, paid an inmate to enter the plaintiff's cell and assault the plaintiff. The amended complaint states an Eighth Amendment claim against defendant Smith. However, the amended complaint fails to state a claim

6

upon which relief may be granted against any of the other named defendants.

By a separate order filed this date, we have directed the Clerk of Court to serve the plaintiff's amended complaint on defendant Smith.  We will recommend that all named defendants, other than defendant Smith, be dismissed from this action.

Based on the foregoing, it is recommended that all named defendants, other than defendant Smith, be dismissed from this action.

>                             */s/ J. Andrew Smyser*
>                             J. Andrew Smyser
>                             Magistrate Judge

Dated:  April 22, 2005.