```
              UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VETTER MOORE,                    : CIVIL NO: 1:05-CV-00167
             Plaintiff           :
                                 : (Judge Caldwell)
     v.                          :
                                 : (Magistrate Judge Smyser)
WARDEN SMITH,                    :
             Defendant           :
```

**REPORT AND RECOMMENDATION**

On January 24, 2005, the plaintiff, a federal prisoner proceeding *pro se*, commenced this action by filing a petition. On April 20, 2005, the plaintiff filed an amended complaint/petition.

The plaintiff alleges that prison staff, upon direction of Warden Smith, paid an inmate to enter his cell and assault him.

By an Order dated May 16, 2005, all of the defendants, other than defendant Smith, were dismissed from this action.

On May 13, 2005, the plaintiff filed a motion (doc. 26) for summary judgment and a brief (doc. 27) in support of that motion.  On May 19, 2005, the plaintiff filed a motion (doc.

33) for default and summary judgment and a brief (doc. 34) in support of that motion.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The plaintiff has not established that he is entitled to judgment as a matter of law. The only evidence that the plaintiff has filed in support of his motion for summary judgment is a declaration (doc. 32) from Dale Hendrickson. Mr. Hendrickson states in his declaration that his cell mate, inmate Woods a/k/a Ant, told him that Lt. Garbrielson paid him to assault the plaintiff. The statement by Hendrickson in his declaration is hearsay and, therefore, not admissible. *See Fed.R.Evid. 802 & 803.* Moreover, the statement does not mention defendant Smith, and, thus, even if the statement were not hearsay, it does not establish that the plaintiff is entitled to judgment as a matter of law against defendant Smith.

2

Because the plaintiff has not established that he is entitled to judgment as a matter of law against defendant Smith, it will be recommended that the plaintiff's motion for summary judgment be denied.

It will also be recommended that the plaintiff's request for a default judgment be denied.  Pursuant to 42 U.S.C. § 1997e(g) the defendant may "waive the right to reply" to an action brought by a prisoner.  Therefore, there is no basis to enter a default judgment against the defendant.

The plaintiff has also filed numerous motions (docs. 29, 35, 36 & 37) requesting preliminary injunctive relief in the form of a transfer to another prison.  The plaintiff has filed documents which appear to be briefs (docs. 39 & 40) in support of those motions.  The plaintiff objects to being housed with a cellmate and he threatens violence if he is not transferred to another prison or placed in a single cell. *See Doc.* 35 ("Someone will get killed if I am continually placed in different cells with all kinds of inmates."); *Doc. 37* (requesting injunctive relief "before someone is killed in segregation"); *Doc. 38* ("I will give this prison a body (a dead body) . . .")

In order to obtain a preliminary injunction, the moving party must show: (1) a reasonable probability of success on the merits of the litigation and (2) that the movant will be irreparably injured pendente lite if relief is not granted. *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980). "Moreover, while the burden rests upon the moving party to make these two requisite showings, the district court 'should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.'" *Acierno v. New Castle County*, 40 F.3d 645, 652 (3d Cir. 1994)(quoting *Delaware River Port Auth v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 920 (3d Cir. 1974)).  The determination of whether a preliminary injunction should be issued depends on a balancing of these factors. *Punnett, supra*, 621 F.2d at 582. "Furthermore, when the preliminary injunction is directed not merely at preserving the status quo but . . . at providing mandatory relief, the burden on the moving party is particularly heavy." *Id*.

The plaintiff has not established that he has a reasonable probability of success on the merits of his claim against

4

defendant Smith. Accordingly, it will be recommended that the plaintiff's motions for preliminary injunctive relief be denied.

    Based on the foregoing, it is recommended that plaintiff's motions (docs. 26, 29, 33, 35, 36 & 37) for summary judgment, for default judgment, and for preliminary injunctive relief be denied and that the case file be remanded to the undersigned for further proceedings.

                                            ***/s/ J. Andrew Smyser***
                                            J. Andrew Smyser
                                            Magistrate Judge

Dated: July 29, 2005.