```
                 UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VETTER MOORE,                    : CIVIL NO: 1:05-CV-00167
            Plaintiff            :
                                 : (Judge Caldwell)
     v.                          :
                                 : (Magistrate Judge Smyser)
WARDEN SMITH,                    :
            Defendant            :
```

**REPORT AND RECOMMENDATION**

On January 24, 2005, the plaintiff, a federal prisoner proceeding *pro se*, commenced this action by filing a petition. On April 20, 2005, the plaintiff filed an amended complaint/petition.

The plaintiff alleges that prison staff, upon direction of Warden Smith, paid an inmate to enter his cell and assault him. The plaintiff also complains that he was improperly transferred from the Federal Correctional Institution at Raybrook, New York to the United States Penitentiary at Lewisburg, Pennsylvania.

By an Order dated May 16, 2005, all of the defendants, other than defendant Smith, were dismissed from this action.

On March 29, 2006, the defendant filed a motion for summary judgment, a statement of facts, a brief and documents in support of his motion. On April 19, 2006, the plaintiff filed a brief in opposition to the defendant's motion and a declaration.[1]

"'Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law.'" *The Circle School v. Pappert*, 381 F.3d 172, 177 (3d Cir. 2004)(quoting *Pi Lambda Phi Fraternity, Inc. v. Univ. of Pittsburgh*, 229 F.3d 435, 441 n.3 (3d Cir. 2000)).

The defendant contends that he should be granted summary judgment because the plaintiff failed to exhaust administrative remedies.

---

1. On April 19, 2006, the plaintiff also filed a motion for a hearing on the defendant's motion for summary judgment. By a separate order, the plaintiff's motion for a hearing has been deemed withdrawn on the basis that the plaintiff did not file a brief in support of the motion. Nevertheless, we note that the plaintiff has not presented a sufficient basis for the court to hold a hearing on the defendant's motion for summary judgment.

42 U.S.C. § 1997e(a), provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Pursuant to § 1997e(a), the exhaustion of available administrative remedies is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative process may provide the prisoner with the relief that he is seeking. *Nyhuis v. Reno*, 204 F.3d 65, 75 (3d Cir. 2000). "[C]ompliance with the administrative remedy scheme will be satisfactory if it is substantial." *Id.* at 77. Failure to exhaust available administrative remedies is an affirmative defense. *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002). As an affirmative defense, the failure to exhaust available administrative remedies must be pleaded and proven by the defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

3

Except for claims for which other administrative procedures have been established, federal inmates may seek "formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate must first present an issue of concern informally to staff before submitting a Request for Administrative Remedy. 28 C.F.R. § 542.13(a).  If the attempt at informal resolution is not successful, an inmate must address a Request for Administrative Remedy to the institution staff member designated to receive such requests within twenty days of the date on which the basis for the complaint occurred. 28 C.F.R. § 542.14(a) & (c)(4). The Warden will respond to the Request for Administrative Remedy and an inmate who is not satisfied with the Warden's response may appeal to the Regional Director within twenty days of the date of the Warden's response. 28 C.F.R. § 542.15(a). Finally, an inmate who is not satisfied with the Regional Director's response may appeal to the General Counsel within thirty days of the date of the Regional Director's response.  28 C.F.R. § 542.15(a).

The defendant has submitted a declaration from L. Cunningham, a supervisory attorney at the United States Penitentiary at Lewisburg. *Doc. 78, Exhibit 1.* Cunningham

states that a review of the Bureau of Prison's records indicates that the petitioner has not exhausted available administrative remedies with regard to the issues he raises in this case. *Id.* at ¶ 3.

The plaintiff has not presented any evidence that he did in fact exhaust administrative remedies or that administrative remedies were not available to him.

Based on the summary judgment record in this case, a reasonable trier of fact could not conclude that the plaintiff exhausted available administrative remedies.  Accordingly, the defendant is entitled to summary judgment.

Based on the foregoing, it is recommended that the defendant's motion (doc. 77) for summary judgment be granted and that the case file be closed.

/s/ J. Andrew Smyser  
J. Andrew Smyser  
Magistrate Judge

Dated:  June 7, 2006.